KEITH A. JONES
TERESA G. WHITNEY
Special Assistant Attorneys General
MONTANA DEPARTMENT OF REVENUE
Legal Services Office
125 North Roberts Street
PO Box 7701
Helena, Montana 59604-7701
Phone: (406) 444-5884
Phone: (406) 444-7990
Email: kjones@mt.gov
Email: twhitney@mt.gov

State Bar No. 6518
State Bar No. 8385

Attorneys for Montana Department of Revenue

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>**BLACK BULL GOLF CLUB, INC.,**<br><br>Debtor. | Case No. 10-60537-11 |
| IN RE:<br><br>**BLACK BULL RUN DEVLOPMENT, LLC,**<br><br>Debtor. | Case No. 10-60593-11 |

**MONTANA DEPARTMENT OF REVENUE'S RESPONSE TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 363, AND 364 AND BANKRUPTCY RULES 2002, 4001, AND 9014 FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING, (2) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL, (3) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS, AND (4) SCHEDULING INTERIM AND FINAL HEARINGS**

The Montana Department of Revenue (Department) responds to Debtors' motion as follows:

## BLACK BULL RUN DEVELOPMENT, LLC

1. Debtor Black Bull Run Development, LLC, states in its motion that it has no paid employees. Debtor Black Bull Run Development, LLC, also states that it has approximately 230 lots listed for sale at prices ranging from $195,000 to $500,000.

2. Section 15-31-101(1), MCA, defines "corporation" to include "any limited liability company, limited liability partnership, partnership, or other entity that is treated as an association for federal income tax purposes and that is not a disregarded entity."

3. Section 15-31-101(3), MCA, states, "…every corporation engaged in business in the state of Montana shall annually pay to the state treasurer as a license fee for the privilege of carrying on business in this state the percentage or percentages of its total net income for the preceding taxable year at the rate set forth in this chapter."

4. Section 15-31-111(1), MCA, requires, "Each corporation subject to the license tax imposed under this chapter shall for each tax period file an accurate return of its net income for the period in the manner and form prescribed by the Department."

5. According to the Montana Secretary of State Business Entity Search, Debtor Black Bull Run Development, LLC, was organized on March 28, 2006.

6. As of the date and time of this filing, Debtor Black Bull Run Development, LLC, has not filed any returns with the Department since its organization.

7. Given Debtor Black Bull Run Development, LLC's failure to file returns, the impact of post-petition financing on a potential Department claim and on other creditors' claims are unclear.

MDOR'S RESPONSE TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 363, AND 364 AND BANKRUPTCY RULES 2002, 4001, AND 9014 FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING, (2) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL, (3) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS, AND (4) SCHEDULING INTERIM AND FINAL HEARINGS      2

8.     Additionally, Debtor Black Bull Run Development, LLC's budget does not adequately describe whether Debtor Black Bull Run Development, LLC, anticipates preparation of pre- and post-petition tax returns.

9.     Therefore, the Department respectfully requests that the Honorable Court include as a requirement to any post-petition financing authorization that Debtor Black Bull Run Development, LLC, set aside some portion of that financing to pay for preparing pre- and post-petition tax returns for tax years 2006, 2007, 2008, and 2009.

## BLACK BULL GOLF CLUB, INC.

A.  Corporate License Tax

10.     According to the Montana Secretary of State Business Entity Search, Debtor Black Bull Golf Course, Inc., was incorporated on January 10, 2007.

11.     As of the date and time of this filing, Debtor Black Bull Golf Course, Inc., has not filed its 2008 corporate license tax return.

12.     Debtor Black Bull Golf Course, Inc. relies on the same budget as Debtor Black Bull Run Development, LLC, and, as such, suffers from the same deficiencies.

13.     Therefore, the Department respectfully requests that the Honorable Court include as a requirement to any post-petition financing authorization that Debtor Black Bull Golf Course, Inc., set aside some portion of that financing to pay for preparing pre- and post-petition tax returns for tax years 2008 and 2009.

B.  Withholding Taxes

14.     Debtor Black Bull Golf Club, Inc., operates an 18-hole golf course and club house within the State of Montana, presently employing approximately 6 people.  As such, Debtor Black Bull Golf Club, Inc., deducts and withholds taxes on income to its

MDOR'S RESPONSE TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 363, AND 364 AND BANKRUPTCY RULES 2002, 4001, AND 9014 FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING, (2) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL, (3) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS, AND (4) SCHEDULING INTERIM AND FINAL HEARINGS      3

employees, and remits those taxes to the Department on a monthly basis.

15. As of the date and time of this filing, Debtor Black Bull Golf Club, Inc., is current with the payment of its Montana employee withholding taxes.

16. Montana withholding taxes are held in trust for the State of Montana by the employer. These taxes are trust fund taxes, similar to federal 941 employment tax. Section 15-30-208, MCA, states:

> Withheld taxes held in trust for state. Every employer who deducts and withholds any amounts under the provisions of 15-30-201 through 15-30-209 shall hold the amounts in trust for the State of Montana.

A trust fund tax in which Debtor Black Bull Golf Club, Inc., holds only legal title, and not an equitable interest, is not property of the bankruptcy estate. 11 U.S.C. § 541(d); *see also* Begier v. IRS, 496 U.S. 53, 59, 110 S. Ct. 2258, 2263 (1990) ("Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate'.") and Mitsui Mfrs. Bank v. Unicom Computer Corp., 13 F.3d 321, 324 (9th Cir. 1994) ("Thus, something held in trust by a debtor for another is neither property of the bankruptcy estate under section 541(d), nor property of the debtor for purposes of section 547(b)"). This Court has referenced both of the preceding cases in In re Misty Reed Retz, Case No. 04-60247, 2008 Bankr. LEXIS 974, *46-47 (March 19, 2008).

17. Any trust fund taxes (including Montana withholding taxes) held by Debtor Black Bull Golf Club, Inc., are not part of the inventory proceeds or the accounts receivable, do not form a part of a secured lender's collateral, and may not be used by a debtor in its operations. In re Koppinger, 113 B.R. 588 (Bkrtcy. D. N.D. 1990); In re Seneca Oil Co., 906 F.2d 1445, 1453 (10th Cir. 1990) (trust funds "were never part of

MDOR'S RESPONSE TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 363, AND 364 AND BANKRUPTCY RULES 2002, 4001, AND 9014 FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING, (2) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL, (3) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS, AND (4) SCHEDULING INTERIM AND FINAL HEARINGS 4

the bankruptcy estate, and therefore could not be used by the trustee to pay administrative expenses").

18. In light of the above, the Department requests adequate protection of its interest in the withholding tax trust fund held by Debtor Black Bull Golf Club, Inc., pursuant to 11 U.S.C. §363(e). The Department respectfully requests the Court order Debtor Black Bull Golf Club, Inc., to pay post-petition returns on a timely basis, as required by 28 U.S.C. § 960. The Department further requests the Court instruct Debtor Black Bull Golf Club, Inc., to identify and turn over any withholding tax trust funds currently held for the benefit of the State of Montana to the Department.

19. To the extent that any proposed cash collateral or post-petition financing order in this case seeks to give a secured creditor any rights to trust fund taxes, such order should be revised to clarify that trust fund taxes are not a part of any lender's cash collateral and that lenders are not protected from collection actions by the Department under § 15-30-209, MCA.

20. To protect the Department's withholding tax trust funds from use by Debtor Black Bull Golf Club, Inc., Debtor Black Bull Run Development, LLC, or other creditors, the Department respectfully requests that the Honorable Court's final cash collateral order include the following language:

> Notwithstanding anything herein to the contrary, the relief granted herein is without prejudice to any rights of the Montana Department of Revenue to funds which do not constitute property of the estate but which may qualify as tax trust funds. The Montana Department of Revenue is not precluded from pursuing such funds, if any, by this Order, nor is any party in interest precluded from contesting any action of the Montana Department of Revenue to recover alleged trust funds.

MDOR'S RESPONSE TO DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 363, AND 364 AND BANKRUPTCY RULES 2002, 4001, AND 9014 FOR INTERIM AND FINAL ORDERS (1) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING, (2) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL, (3) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS, AND (4) SCHEDULING INTERIM AND FINAL HEARINGS         5

Wherefore, the Department prays that this Court enter an order consistent with the Department's pleading herein and for such other relief as is just.

Respectfully submitted this 12th day of April, 2010.

                              MONTANA DEPARTMENT OF REVENUE

                              /s/ KEITH A. JONES
                              KEITH A. JONES
                              TERESA G. WHITNEY
                              Special Assistant Attorneys General