Gregory G. Murphy (#1953)
Doug James (#2237)
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone (406) 248-7731
Direct Dial (406) 238-1565
Fax (406) 248-7889
Greg.Murphy@moultonbellingham.com
Doug.James@MoultonBellingham.com

Attorneys for OneWest Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE<br><br>BLACK BULL RUN DEVELOPMENT LLC,<br><br>Debtor. | No.10-60593 -RBK<br>(Chapter 11)<br><br>**MOTION TO CONVERT TO PROCEEDING UNDER CHAPTER 7, DEMAND FOR ADEQUATE PROTECTION, and NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST A HEARING** |

**MOTION**

In accordance with 11 U.S.C. § 1112, Bankruptcy Rules 9013, 9014, 1017 and Local Rule 1017-1(b), OneWest Bank moves the Court to convert this proceeding under Chapter 11 to a proceeding under Chapter 7 on the following grounds:

1. There is substantial and continuing losses to and diminution of the estate, and there is an absence of a reasonable likelihood of rehabilitation;

2. The Debtor is and will be unable to effectuate substantial confirmation of a plan;

3. The Debtor is unable to provide the adequate protection to OneWest Bank to which it is entitled and without the property securing the debt to OneWest there is no reasonable prospect of rehabilitation or a confirmed plan;

4. Conversion to Chapter 7 will be in the best interests of the estate and the creditors.

**Memorandum**

Introduction

The Debtor filed its petition for relief on March 22, 2010. The Debtor has represented to the Court and to the creditors that it does not intend to rehabilitate, but rather to liquidate. But, the Debtor's schedules, statements of financial affairs, and operating reports, as well as its statements on the record and its representations made in connection with its applications to incur debt, demonstrate conclusively establish that it has no funds with which to liquidate effectively the assets of the estate or to maintain the assets of the estate to the benefit of the creditors. In addition, the Debtor has no reasonable prospect of obtaining sufficient funds to accomplish an orderly liquidation. As a consequence, "cause" exits under 11 U.S.C. § 1112 for converting this proceeding to a Chapter 11 proceeding.

Moreover, OneWest Bank, which is owed over $30,000,000 and is significantly undersecured by the collateral it holds, will be entitled to adequate protection payments from the Debtor under 11 U.S.C. § 362(d) in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of OneWest's Bank's interest in the real estate securing its debt commencing 90 days after the order of relief. OneWest Bank respectfully demands that adequate protection.

Black Bull Run Development, LLC is a single project real estate developer. It generates substantially all of its gross income from the business of operating its real estate

project (selling lots) and incidental activities. See, 11.U.S.C. § 101(51C). In fact, since it has not sold any lots for over a year, it has no income. The order for relief issued March 26, 2010. 90 days after March 26, 2010 is June 24, 2010. The Debtor is unable, and will be unable to commence those payments commencing June 24.

If relief from the stay imposed by 11 U.S.C. § 362 is granted, the Debtor cannot effectively rehabilitate or liquidate the assets of the estate. Therefore, this Court should order this proceeding converted to a proceeding under Chapter 7 within which a trustee may orderly liquidate the assets for the benefit of the creditors.

Argument

In April, the Debtor represented to the Court both in written filings (See Doc. # 12) and in open court that it did not have the funds to maintain the assets of the estate and to administer the estate. At the hearing on April 26, the Debtor's representative testified that there were no lots sold in the year proceeding the bankruptcy petition, and that there is no reasonable prospect of selling lots during the bankruptcy proceeding.

The Debtor requested authority to obtain credit with which to administer the estate, and to operate The Black Bull Golf Club, Inc, a debtor in another proceeding. However, the Debtor could neither obtain unsecured credit nor secured credit that adequately protect OneWest Bank or the other secured creditors. Therefore, the Debtor does not have the funds to maintain the OneWest's collateral during any reasonable attempt at a rehabilitation or an orderly liquidation. The Debtor cannot operate effectively under Chapter 11.

On June 3, 2010, the Debtor filed a second motion for authority to obtain credit, but that proposal suffers from the same flaws as the previous application, and more. (See, OneWest Bank's objection to Debtor's June 3 motion.)

By the Debtor's own filings and testimony, without funds to maintain the assets of the estate, substantial and continuing losses will occur and the value of the estate asset will be

diminished. By the Debtor's own admission, without funds to operate the Debtor can neither rehabilitate nor conduct an orderly liquidation maximizing the recovery for the creditors of the estate.

11 U.S.C. § 1112(b) permits a party in interest like OneWest Bank to request conversion from Chapter 11 to Chapter 7. The Court may order conversion "for cause" in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(4) says that "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Since by the Debtor's own admission the estate is being diminished and is suffering continuing losses, and since there is an absence of a reasonable likelihood of rehabilitation, the Court should order conversion.

Moreover, as noted above, the Debtor has no prospect of making the adequate protection cash payments required by 11 U.S.C. § 362(d)(B) commencing June 24, 2010. OneWest Bank would be entitled to a lifting of the stay. Without the protection of the stay, the Debtor cannot effectively rehabilitate or liquidate in the context of a Chapter 11 proceeding under a confirmed plan.

The examples of "cause" contained in 11 U.S.C. § 1112(b) are not exhaustive. E.g., *In re Eclair Bakery, Ltd.* (2000, BC SD NY) 55 BR 121; *In re Hampton Hotel Investors, L.P.* (2001, BC SD NY) 270 BR 346, 47 CBC2d 516. While no longer an enumerated ground under 11 U.S.C. § 1112(b)(4), conversion is appropriate for cause where the court finds that a feasible plan is not possible. *In re 3 Rem, Inc.*, 2006, BC ED Pa) 343 BR 113, 46 BCD 161.

11 U.S.C. § 1112(b) requires the Court to engage in a two-step process in determining whether to convert or dismiss a Chapter 11 case; first, the Court must determine whether cause exists either to convert or dismiss the case, and after the Court finds that cause exists, it then must decide whether it is in the best interests of the creditors

to dismiss the case or convert it to Chapter 7. *In re Hampton Hotel Investors, L.P.* (2001, BC SD NY) 270 BR 346, 47 CBC2d 516. The Court should consider and weigh the totality of the facts and circumstances of the individual case when determining ways is in the best interests of creditors.

Here, there are a number of construction lien claimants who claim priority liens. Those liens can more effectively and efficiently sorted out in the context of bankruptcy proceedings. Conversion to Chapter 7 will also eliminate the costs of administration of the Chapter 11 proceeding, and will allow for reasonably prompt sale free and clear of all liens under 11 U.S.C. § 363. Under 9th Circuit Law, a sale under 11 U.S.C. § 363 cannot occur outside the context of a confirmed plan. *Clear Channel Outdoor, Inc. v. Knupfer*, 391 B.R. 25 (2008). Conversion to Chapter 7 will allow for a sale under § 363 and the possibility of a meaningful distribution to unsecured creditors.

For the foregoing reasons, and in the best interests of the estate and the creditors, the Court should order this proceeding converted to a proceeding under Chapter 7.

DATED this 10th day of June, 2010.

MOULTON BELLINGHAM PC

By /s/ *GREGORY G. MURPHY*

Gregory G. Murphy
Doug James
Attorneys for OneWest Bank

**NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING**

**If you object to the motion, you must file a written responsive pleading and request a hearing within FOURTEEN DAYS (14) days of the date of this motion. The responding party shall schedule the hearing on the motion at least twenty (20) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING
Date: _____
Time:_____
Location:_____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

                        MOULTON BELLINGHAM PC

                By /s/ *GREGORY G. MURPHY*
                      Gregory G. Murphy
                      Doug James
              Attorneys for OneWest Bank

**CERTIFICATE OF MAILING**

I, the undersigned, do hereby certify, under penalty of perjury, that on this 10th day of June, 2010, a true and correct copy of the within and foregoing document was mailed, first class postage prepaid to:

JEFFREY A. BALL
323 SOUTH WALLACE
BOZEMAN MT 59715

DATED this 10TH day of June, 2010.

                          MOULTON BELLINGHAM PC

                          By /s/ *GREGORY G. MURPHY*

                                Gregory G. Murphy
                                Doug James
                         Attorneys for OneWest Bank