1  Neal G. Jensen
   Office of United States Trustee
2  Liberty Center, Suite 204
   301 Central Avenue
3  Great Falls, MT  59401
   Phone: (406) 761-8777
4  Fax:    (406) 761-8895
   neal.g.jensen@usdoj.gov
5  State Bar ID No. 738
   (Attorney for United States Trustee)
6

7                    UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF MONTANA
8

9  In re                            )        Case No. 10-60593-11
                                    )
   BLACK BULL RUN DEVELOPMENT,       )
10                                   )
           Debtor.                   )
11                                   )
   _____

12

                     MOTION TO DISMISS OR CONVERT TO CHAPTER 7;
13                   MEMORANDUM IN SUPPORT; AND NOTICE
   _____

14

15         The United States Trustee ("UST"), acting through counsel, respectfully moves the Court,

16  pursuant to 11 U.S.C. § 1112(b), to dismiss this case or convert the same to chapter 7, whichever

17  the Court deems to be in the best interests of creditors and the estate, on the following grounds:

18         1. **Inability to Propose Feasible Plan.**   The debtor is out of money.  It has no funds

19  with which to continue its operations.  Without a substantial cash infusion in the form of DIP

20  financing, the debtor cannot sustain this case under chapter 11.  The debtor's efforts to secure

21  such financing has failed due to its inability to offer OneWest Bank sufficient adequate

22  protection under §§ 361 and 364.  Efforts to obtain a consensual arrangement with the Bank have

23  failed.  The debtor is back to seeking to prime OneWest's lien position behind new money, but

24  the consideration offered to OneWest is inadequate.  Essentially, the debtor has nothing of value

25  to give OneWest.  The UST was willing to allow the debtor time to negotiate something with

26  OneWest following the Court's order denying the debtor's initial efforts to prime the Bank, but

27  since that has failed, and since OneWest has decided its interests would be best protected

28  following conversion to chapter 7, the debtor will not be able to propose a feasible plan.  It was

1   clear during the initial hearing on this subject that essentially this boils down to a one creditor

2   case.  Those creditors with priority over the Bank will get paid first, but then anything else

3   realized from the sale of the debtor's assets will all fall to OneWest.  Therefore, if the Bank has

4   decided that it will assume less risk and will realize a greater potential recovery through

5   proceeding under chapter 7, § 1112(b) provides that its decision should be respected.  From here

6   on out, it's all about the Bank's money and no one else's.

7          The listing of cause in § 1112(b)(4) is nonexclusive.  Moreover, a movant is not required

8   to prove any particular element in the statutory list so long as it proves "cause" exists.  In this

9   Circuit, the Court has discretion to consider alleged causes not specifically listed in § 1112(b).

10   *Se Wiersma v. O.H. Kruse Grain & Milling (In re Wiersma)*, 324 B.R. 92 (9th Cir. BAP 2005)

11   (holding the list of causes in § 1112(b) is nonexclusive and the bankruptcy court has broad

12   discretion in determining cause); *Chu v. Syntron Biosearch, Inc.*, 253 B.R. 92, 95 (S.D.Cal.

13   2000) (same); and *Pioneer Liquidating Corp. v. United States Tr.* 248 B.R. 368, 375 (9th Cir.

14   BAP 2000) (holding that the enumerated causes in § 1111(b) are not exhaustive, and the court

15   will be able to consider other factors as they arise).  The listing of items which can constitute

16   "cause" in § 1112(b) are "illustrative, not exhaustive."  *In re 3 Ram Inc.*, 343 B.R. 113, 117

17   (Bankr. E.D.Pa. 2006); and *In re Jayo*, 2006 WL 2433251 (Bankr. D.Idaho 2006).  A debtor's

18   inability to propose a feasible plan constitutes sufficient "cause" to order dismissal or conversion.

19   Without postpetition financing, the debtor cannot propose a feasible plan.  The debtor has

20   nothing it can offer to OneWest Bank in the form of adequate protection, so it is not possible for

21   any new lender to "prime" the Bank's security position.  This case cannot proceed further under

22   chapter 11.

23          2. **Absence of a Reasonable Likelihood of Rehabilitation.**  For the reasons discussed

24   above - the debtor is broke and cannot provide sufficient adequate protection to existing secured

25   creditors in order to secure postpetition DIP financing from a new secured creditor - the debtor

26   has no likelihood of rehabilitation.  The debtor's assets must be liquidated as quickly and

27   efficiently as possible.  This can occur best under the supervision of a chapter 7 trustee, rather

28   than through the cumbersome mechanics of a chapter 11 plan and disclosure statement.

1       3. **Best Interests of Creditors.**  Section 1112(b)(1) of the Bankruptcy Code provides

2  that conversion or dismissal of a chapter 11 case, once requested by a party in interest, **must** be

3  granted by the Court if the movant establishes cause, "absent unusual circumstances specifically

4  identified by the court that establish that the requested conversion or dismissal is not in the best

5  interests of creditors and the estate."  The UST submits that ample cause exists for the Court to

6  convert this case to chapter 7, and that it is in the best interests of creditors to have a chapter 7

7  trustee appointed to investigate the debtor's prepetition transactions (for instance: the response

8  filed by Leachman Angus Ranch - Docket No. 80 - reveals that the day before this case was

9  commenced, the debtor recorded an "Abstract of Agreements Concerning Leachman House"

10  which should be examined as a possible preferential, or perhaps fraudulent, transaction; and the

11  thousands of dollars that were paid to the Crowley Fleck law firm on the eve of the bankruptcy

12  filing appears to be preferential, as well); and to ensure the timely and efficient liquidation of the

13  debtor's assets so that creditors might be paid to the fullest extent possible.  It is submitted that it

14  has become the debtor's burden to come forward to establish "unusual circumstances... that

15  establish that the requested conversion... is not in the best interests of creditors and the estate."

16  Without postpetition DIP financing, which appears impossible to obtain under the circumstances

17  of this case given the lack of any meaningful collateral which might be offered as adequate

18  protection, the best interests of creditors test can yield only one result: conversion to chapter 7.

19       The only reason that the debtor can articulate to keep this case in chapter 11 is to

20  maximize the recovery for OneWest Bank.  As stated above, OneWest is essentially the only

21  creditor who will gain or lose from the future direction of this case.  Those creditors ahead of the

22  Bank will remain ahead (unless the chapter 7 trustee finds grounds to challenge and avoid their

23  secured or priority claims), and those creditors behind OneWest will never receive a dime,

24  regardless of whether this case remains in chapter 11 or converts to chapter 7.  And OneWest has

25  made its wishes clear.  It has no doubt studied its options very carefully, weighing what's best for

26  its own interests, and it has decided chapter 7 provides the best course to maximize and protect

27  its interests.

28       Conversion to chapter 7 appears to be a better direction than dismissal, because a chapter

3

1  7 trustee can sell the property of the estate free and clear of all claims and interests; competing

2  claims can be sorted out after the fact by the Court; preferential or fraudulent transfers can

3  quickly be identified and resolved by this Court; and the priorities of the parties in interest can be

4  readily defined and determined by the Court.  Having one judicial forum in which to resolve all

5  of the remaining issues in the case can only inure to the great benefit of the debtor's creditors.

6  And having a trustee with the powers provided to him by the Bankruptcy Code will only expedite

7  the liquidation process and ensure the fairest repayment of creditors to the fullest extent possible.

8  WHEREFORE, the United States Trustee respectfully moves the Court for an Order,

9  pursuant to § 1112(b), dismissing this case or converting it to a case under chapter 7 of the

10  Bankruptcy Code, based upon what the Court determines to be in the best interests of creditors.

11  DATED this 11th day of June, 2010.

12  ROBERT D. MILLER JR.
United States Trustee

13

14  /s/ Neal G. Jensen
NEAL G. JENSEN

15  Attorney for United States Trustee

16  _____

17  **NOTICE OF OPPORTUNITY TO RESPOND**
**AND REQUEST A HEARING**

18  _____

19  **If you object to the motion, you must file a written responsive pleading and request
a hearing within fourteen (14) days of the date of the motion.  The responding party shall**

20  **schedule the hearing on the motion at least twenty-one (21) days after the date of the
response and request for hearing and shall include in the caption of the responsive pleading**

21  **in bold and conspicuous print the date, time and location of the hearing by inserting in the
caption the following:**

22

23  **NOTICE OF HEARING**
**Date:_____**
**Time:_____**

24  **Location:_____**

25  **If no objections are timely filed, the Court may grant the relief requested as a
failure to respond by any entity shall be deemed an admission that the relief requested**

26  **should be granted.**

27  DATED this 11th day of June, 2010.

28  /s/ Neal G. Jensen
NEAL G. JENSEN

4

1

## CERTIFICATE OF MAILING

2

3   I, the undersigned, Neal G. Jensen, Assistant United States Trustee, do hereby certify under penalty of perjury that a copy of the within and foregoing Motion to Dismiss or Convert to Chapter 7; Memorandum in Support; and Notice, was sent by first class mail postage prepaid on

4   the 11th day of June, 2010, at Great Falls, Montana, and directed to the following:

5   Jeffrey A. Ball
    323 South Wallace

6   Bozeman, MT 59715

7   Stephen M. Barrett
    Black Bull Run Development

8   P.O. Box 10969
    Bozeman, MT 59718

9                                        /s/ Neal G. Jensen
                                         NEAL G. JENSEN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28